UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA D. DOWLING,

Plaintiff,

-against-

INTERNAL REVENUE SERVICES, ET AL.,

Defendants.

26-CV-4237 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Harrison, New Jersey, brings this *pro se* action against the Internal Revenue Service ("IRS"). The Court construes the complaint as seeking a tax refund from the United States under 28 U.S.C. 1346(a). For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

Venue for Plaintiff's claims under 28 U.S.C. § 1346 is governed by 28 U.S.C. § 1402. *See In re Tax Refund Litigation*, 723 F. Supp. 922, 924 (E.D.N.Y. 1989). Under Section 1402(a)(1), a civil action brought by an individual may be brought "in the judicial district where plaintiff resides." 28 U.S.C. 1402(a)(1). For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1), (2).

Here, Plaintiff alleges that she resides in Harrison, New Jersey. Because Plaintiff alleges no facts suggesting that she resides in this district, it is clear from the face of the complaint that venue is not proper in this court under Section 1402(a)(1).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff resides in Harrison, New Jersey,

which is located in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court directs the Clerk of Court to transfer this action to the District Court for the District of New Jersey immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 26, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2